IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBBIE MURPHREE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:07-cv-1047-MHT-TFM |
| v. | ) | [wo] |
| | ) | |
| BOB RILEY, in his official capacity | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3 filed November 30, 2007).  By Order filed December 3, 2007, the Magistrate Judge granted permission for this *pro se* plaintiff, Debbie Murphree, to proceed *in forma pauperis*, but stayed further proceedings on her Complaint because it is evident the Complaint suffers from insurmountable deficiencies which warrant dismissal. (Doc. 6).  It is the recommendation of the Magistrate Judge to dismiss the action, without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]    The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## I.    PARTIES

Plaintiff, Debbie Murphree ("Murphree" or "Plaintiff"), is a resident of Prattville, Alabama, which is within the Middle District of Alabama.

Defendant Bob Riley ("Governor Riley" or "Defendant") is the governor of the State of Alabama.  Murphree specifies she is suing him in his official capacity.

## II.    COMPLAINT AND NATURE OF THE CASE

In her Complaint, Murphree generally asserts Governor Riley has violated her civil and constitutional rights under the Alabama Constitution by not testing DNA evidence in the case of convicted death row inmate, Thomas Douglas Arthur ("Arthur").   *See* Doc. 1, Complaint at p. 2.  Murphree specifically states Governor Riley has not ordered DNA in the State of Alabama's possession to be tested to see if it is exculpatory evidence in the case against Arthur.  *Id*. at p. 4.  She further asserts that by not testing the DNA, it is possible a murderer could still be at large and thus poses a potential and future danger to her and the public.  *Id*. at p. 3-4.  Murphree requests the Court issue an order to Governor Riley prior to Arthur's scheduled execution of December 6, 2007.  *Id*. at p. 4.

## III.    DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  A two-step procedure should be

used when processing a complaint filed pursuant to 28 U.S.C. § 1915.  *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).  First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute."  *Id.* (citing 28 U.S.C. § 1915(a)).  Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.  *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)).  A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process).  Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint."  *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[2]

_____

[2]    *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close

The complaint filed by Murphree satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the court is of the view that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii). Even under the liberal pleading requirements set forth in the Federal Rules of Civil Procedure, Murphree does not articulate a cognizable claim for which a court may grant relief. Murphree's claims against Governor Riley are based on what she characterizes as deprivation of rights guaranteed to her by the Alabama Constitution. Necessarily viewing her allegations as true, Murphree fails to demonstrate a claim which entitles her to any relief.

**A.     Subject Matter Jurisdiction**

When there is no allegation of diversity jurisdiction, the Court must have original jurisdiction to proceed. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also City of Huntsville v. City of Madison*, 24 F.3d 169, 171 (11th Cir. 1994) (citing statute). Federal question jurisdiction may be based on a civil action alleging a violation of the United States Constitution or a federal cause of action established by a Congressionally-created expressed or implied private remedy for violations of a federal statute and in limited circumstances, federal question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action. *City of Huntsville*,

---

of business on September 30, 1981).

24 F.3d at 171-72 (citations omitted).  "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *accord Barnett v. Bailey*, 956 F.2d 1036, 1039-41 (11th Cir. 1992) (holding that a court is required to examine its jurisdiction over an action at any time and dismiss an action *sua sponte* for lack of subject matter jurisdiction if jurisdiction is not found.).

Murphree's entire complaint alleges a deprivation of guaranteed rights under the Alabama Constitution.  *See* Doc. 1 at p. 2 and 4.  There is no reference to any alleged violation of the United States Constitution, a federal statute, or any other federal cause of action.  Further, there is no allegation of and Murphree clearly cannot establish diversity jurisdiction  Consequently, the Court concludes there is no basis for federal subject matter jurisdiction, and Murphree's claims must be dismissed.

**B.     Standing**

Murphree purports to invoke this Court's jurisdiction based on a general allegation of a constitutional deprivation.[3]  This allegation raises only the "generalized interest of all citizens in constitutional governance."  *Whitmore v. Arkansas*, 495 U.S. 149, 160, 110 S.Ct. 1717, 1725, 109 L.Ed.2d 135 (1990) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 217, 94 S.Ct. 2925, 2930, 41 L.Ed.2d 706 (1974)).  Such an allegation is

---

[3]     Again, she only references the Alabama Constitution and the Court has already concluded it lacks subject matter jurisdiction.  However, even if it did have jurisdiction, Murphree also lacks standing to sue.

an "inadequate basis on which to grant [a plaintiff] standing to proceed." *Id*. The United States Supreme Court "has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Id*. at 160, 94 S.Ct. at 1725-26 (quoting *Allen v. Wright*, 468 U.S. 737, 754, 104 S.Ct. 3315, 3326, 82 L.Ed.2d 556 (1984)). Moreover, Murphree was previously informed by this Court that "[t]o have standing a party must do more than raise a generalized grievance 'claiming only harm to his and every citizen's interest in proper application of the Constitution and laws." *Arthur v. King*, Civ. Act. No. 2:07-cv-319-WKW (M.D. Ala. 2007) (quoting *Hein v. Freedom from Religion Found., Inc.*, ___ U.S. ___, 127 S.Ct. 2253, 2263-64, 168 L.Ed.2d 424 (2007)). Since Murphree raises only a generalized grievance, she does not have standing to sue.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1)     The action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as a there is no federal subject matter jurisdiction and Plaintiff lacks standing to sue

(2)     The case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

_____It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **December 17, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 3rd day of December, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE